**GTE NEW MEDIA SERVICES INCORPORATED,
Plaintiff,**

v.

**AMERITECH CORPORATION,
et al., Defendants.**

**Civil Action No. 97–2314(RMU).**

United States District Court,
District of Columbia.

March 29, 1999.

nary injunction test..

**314**

Alan Wiseman, Thomas Isaacson, Kenneth Brothers, Kelly Clement, Erik Bertin, Amy Fitzpatrick, Howrey & Simon, Washington, D.C., for GTE New Media Services Incorporated.

Andrew Morris, Dick Favretto, Lee Rubin, Mayer, Brown & Platt, Washington, D.C., for Ameritech Corporation, Ameritech Publishing, Incorporated, Ameritech Interactive Media, Incorporated, Ameritech Interactive Media Services, Incorporated, BellSouth enterprises, Inc., BellSouth Advertising & Publishing Corporation, Intelligent Media Ventures, Inc., SBC Communications Inc., Pacific Telesis Group, Pacific Bell Interactive Media, U.S. West, Inc., U.S. West Media Group, Inc., U.S. West Dex, Inc.

Richard Beckler, Stephen McNabb, Fullbright & Jaworski, Washington, D.C., for BellSouth Corporation, BellSouth Enterprises, Incorporated, BellSouth Advertising and Publishing Corporation, Intelligent Media Ventures, Incorporated.

Paul Friedman, Michael Goodstein, Tony Bell, Arter & Hadden LLP, Washington, D.C., for SBC Communications, Inc., Pacific Telesis Group, Pacific Bell Interactive Media.

William Kolasky, Howard Shapiro, Carrie Flaxman, Wilmer, Cutler & Pickering, Washington, for U.S. West, Inc., U.S. West Media Group, Incorporated, U.S. West Dex, Incorporated.

### ORDER

URBINA, District Judge.

**Certifying for Interlocutory Appeal the Court's Ruling that Personal Jurisdiction Exists and Staying Proceedings**

## I.  INTRODUCTION

This matter comes before the court on the motion of defendant group BellSouth for certification for interlocutory appeal of the court's September 28, 1998 ruling that personal jurisdiction exists in the District of Columbia.   Because the court's ruling involves a controlling question of law, because a substantial ground for difference of opinion concerning the ruling exists, and because an immediate appeal would materially advance the disposition of this litigation, the court certifies its September 28, 1998 Order for interlocutory appeal.  Further, for reasons of judicial economy, the court orders a stay of proceedings in this case, except for settlement discussions with the mediator, which the court expects will continue.

## II.  PERSONAL JURISDICTION

Plaintiff, GTE New Media Services Incorporated ("GTE"), filed this antitrust suit under the Clayton Act, 15 U.S.C. §§ 15, 26, seeking treble damages and injunctive relief.  GTE alleged that the defendants, the Regional Bell Operating Companies and certain of their subsidiaries ("RBOCs"), illegally conspired to mo-

nopolize the Internet Yellow Pages market by controlling certain key Internet access points.

By Order dated September 28, 1998, the court ruled that personal jurisdiction exists in this matter as to defendant groups Bell-South, SBC and U.S. West under section 13–423(a)(4) of the District of Columbia long-arm statute. In reaching this ruling, the court concluded that the plaintiff alleged sufficient facts to make out a prima facie showing that (1) the plaintiff suffered a tortious injury in the District of Columbia, (2) the injury was caused by the defendants' conduct outside of the District of Columbia, and (3) the defendants engaged in a persistent course of conduct in the District of Columbia. *See* D.C.Code § 13–423(a)(4); *Blumenthal v. Drudge*, 992 F.Supp. 44, 53 (D.D.C.1998). Additionally, the court concluded that minimum contacts existed with the non-resident defendants consistent with notions of due process. *See* D.C.Code § 13–423(a)(4).

More specifically, the court found that the defendants maintained an interactive website and that through the website the defendants had Internet contacts with the District of Columbia. (The BellSouth defendants did not contest this finding on motion for reconsideration. (*See* Mem. in Supp. of BellSouth Defs.' Mot. at 5.)) The court noted the commercial quality of the defendants' Internet Yellow Pages website in that advertising revenue in the Internet Yellow Pages industry depended on the number of users accessing a particular Yellow Pages website. The court further noted that by allegedly channeling District of Columbia users to their map the RBOC defendants increased user traffic on their websites, thereby securing advertising revenue. From this, the court concluded that the RBOC defendants derived profit from their website-related activity in the District of Columbia.

The fact that the defendants derived profit in the District of Columbia, standing alone, did not establish personal jurisdiction. Rather, under the District of Colum-

bia long-arm statute persistent contact "plus factor" analysis, the plaintiff must show some reasonable connection between the defendant and the forum, other than the injury-causing act. *See Heroes, Inc. v. Heroes Found.*, 958 F.Supp. 1, 5 (D.D.C. 1996); *accord Crane v. Carr*, 814 F.2d 758, 762 (D.C.Cir.1987). This "plus factor" requirement serves to filter out cases in which the impact in the forum is an isolated event and the defendant otherwise has no, or scant, affiliations with the forum. *See Crane*, 814 F.2d at 763. The court concluded that the quality and nature of the RBOC defendants' website met the plus factor requirement.

Few cases exist applying this plus factor analysis to situations involving the Internet. In the cases that have struggled with this issue, the courts have placed the Internet contacts on a spectrum. At one end of this spectrum the courts have placed passive websites, those comprised of the mere posting of information, and at the other end courts have placed situations where the defendant clearly does business over the Internet, such as entering into contracts involving the transmission of computer files. *See Blumenthal*, 992 F.Supp. at 55; *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Penn.1997). The former situations do not meet the persistent course of conduct standard, whereas the latter situations do. *See Zippo*, 952 F.Supp. at 1124. In the middle of the persistent course of conduct spectrum exists situations involving "interactive" websites—websites where users exchange information with the host computer. *See Zippo*, 952 F.Supp. at 1123. In those cases, the courts have determined the existence of personal jurisdiction by examining the level of interactivity and the commercial nature of the exchange of information that occurs on the website. *See Zippo*, 952 F.Supp. at 1123.

The instant case falls within this middle ground in that it involves an interactive website. However, the instant case differs from any other reported case in this mid-

dle ground in that it involves an interactive website with no other contacts with the District of Columbia. All of the interactive website cases reviewed by this court involved defendants with at least some physical contact with the forum. While this court has concluded that the quality and nature of the RBOC defendants' website favors the exercise of personal jurisdiction in the District of Columbia, certainly a substantial ground for difference of opinion concerning the ruling exists.

## III. INTERLOCUTORY APPEAL

A district court may certify an order for interlocutory appeal when three conditions are met: (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion concerning the ruling exists, and (3) an immediate appeal would materially advance the disposition of the litigation. 28 U.S.C. § 1292(b). In deciding whether to grant interlocutory appeal, the District of Columbia Circuit follows the collateral order doctrine. *See Foremost–McKesson, Inc. v. Islamic Republic of Iran,* 905 F.2d 438, 443 (D.C.Cir.1990); *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan,* 115 F.3d 1020, 1026 (D.C.Cir.1997).

Under the collateral order doctrine, a district court's order may be appealed only when it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) would be effectively unreviewable on appeal from a final judgment. *United States v. Rostenkowski,* 59 F.3d 1291, 1296 (D.C.Cir.1995), citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). In the instant case a determination on the issue of whether personal jurisdiction exists when no contacts exist with the forum jurisdiction other than a commercial, interactive Internet would conclusively determine whether GTE may bring suit in this court. Additionally, the case involves an antitrust allegation, so the personal jurisdiction issue does not involve the merits of the action. Further, since the complaint does not detail monetary damages, it appears the plaintiff primarily seeks injunctive relief. All indications thus far indicate that to reach final judgment the parties will probably undergo voluminous and burdensome discovery and possibly months of trial. To learn after that point, on appeal, that the parties should not have proceeded so far, and at such expense, would make the issue effectively unreviewable on appeal from final judgment.

Several circuits have held that interlocutory appeal may be taken on the issue of personal jurisdiction. *See, e.g., ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 622 (4th Cir.1997) (accepting under 28 U.S.C. § 1292(b) the district court's denial of the motion to dismiss on personal jurisdiction grounds); *Pintlar Corp. v. Rowland,* 127 F.3d 1182 (9th Cir.1997) (accepting on interlocutory appeal the bankruptcy court's dismissal of certain counts for lack of personal jurisdiction).

The instant case, which the court has assigned to the "Complex Track" pursuant to Local Rule 206.1, has thus far encompassed the production of over 200 boxes of documents. The parties produced these documents under the "limited" discovery ordered for the purpose of facilitating settlement during the "cooling off" period. Furthermore, from the parties' joint pretrial statements, it seems apparent that if the case goes forward there may be between 40 and 60 depositions, plus much more documentary discovery. Also, the trial in this matter will probably take several weeks. If the District of Columbia Circuit rules that personal jurisdiction does not exist over the defendants, much time and resources will have been wasted.

This expenditure of time and resources becomes especially important because of the substantial ground for difference of opinion concerning the exercise of personal jurisdiction in the District of Columbia. Consequently, the court believes it appropriate to certify the question of personal jurisdiction for interlocutory appeal.

## IV. CONCLUSION

The court's September 28, 1998 Order ruling that personal jurisdiction exists in the District of Columbia over the RBOC defendants involves a controlling question of law. Further, a substantial ground for difference of opinion concerning the ruling exists. Additionally, an immediate appeal would materially advance the disposition of the litigation, especially in terms of avoiding the possibility of needlessly expending great amounts of time and resources in protracted litigation. Accordingly, the court will certify the September 28, 1998 Order for interlocutory appeal. Further, for reasons of judicial economy, the court orders a stay of proceedings in this case (except for settlement discussions, which the court expects will continue).

**ORDERED** that defendant group Bell-South's motion for certification of the court's ruling on personal jurisdiction be and hereby is **GRANTED;** and it is

**FURTHER ORDERED** that all proceedings before this court, with the exception of the ongoing settlement discussions with the mediator, be and hereby are **STAYED.**

**SO ORDERED.**